**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROBERT STEINGOLD | : | |
| Plaintiff | : | |
| v | : | Civil Action No. PJM-07-2788 |
| GARY MAYNARD, | : | |
| JOHN A. ROWLEY, | | |
| RICHARD J. GRAHAM, | : | |
| K. DANAIL NORTHCRAFT, | | |
| KIAIK PRESGRAVES, | : | |
| SGT SIRES, | | |
| R.W. ROBINSON, | : | |
| SGT. SAWYER, | | |
| JAMES S. SMITH, | : | |
| CHARLETTE HENSON-BECKETT, | | |
| C.O. RITTERMAN, | : | |
| OFFICER HERMON and | | |
| OFFICER HANSEN | : | |
| Defendants | : | |

o0o

## **MEMORANDUM**

The above captioned civil rights complaint was filed on October 12, 2007, together with a Motion to Proceed in Forma Pauperis. Because he appears to be indigent, Plaintiff's motion shall be granted. For the reasons that follow, the Complaint must be dismissed.

Plaintiff alleges that during his transfer from Jessup Correctional Institution (JCI) to North Branch Correctional Institution (NBCI) his television was damaged. Paper No. 1 at p. 6. He asked prison officials to hold it at the institution while he resolved a grievance concerning the damage, but he was informed he had to send the television home. *Id.* He seeks punitive and compensatory damages of $2000, replacement of his television set, and an interstate transfer to Virginia or Ohio. *Id.*

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has

access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes remedy.[1] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2] Thus, the Complaint fails to state a constitutional claim and shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted", unless he is "under imminent danger of serious physical injury." The instant case will be the first filed by Plaintiff that has been dismissed as frivolous. A separate Order follows.

/s/
PETER J. MESSITTE
October 26, 2007                                    UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act or through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

2